**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**BRAYLON JAVONTE HUTCHISON,**
**ADC #176486**                                                                    **PLAINTIFF**

**V.**                              **CASE NO. 4:20-CV-1343-JM-BD**

**KRISTY FLUD,** *et al*.                                                    **DEFENDANTS**

<u>**RECOMMENDED DISPOSITION**</u>

**I.**    <u>**Procedures for Filing Objections**</u>

This Recommendation has been sent to Judge James M. Moody Jr. Mr. Hutchison

may file objections if he disagrees with the findings or conclusions set out in the

Recommendation. To be considered, objections must be filed within 14 days. Objections

should be specific and should include the factual or legal basis for the objection.

If Mr. Hutchison does not file objections, he risks waiving the right to appeal

questions of fact. And, if no objections are filed, Judge Moody can adopt this

Recommendation without independently reviewing the record.

**II.**    <u>**Screening**</u>

Braylon Javonte Hutchison, an inmate at the Lonoke County Detention Facility

(Detention Facility), filed this lawsuit without the help of a lawyer and is proceeding *in*

*forma pauperis*. (Doc. Nos. 1, 2)

Federal courts must screen prisoner complaints that seek relief against a

governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss

parts of a complaint that fail to state a claim for relief before ordering service of process.

In reviewing a complaint, the Court must accept the truth of the allegations set out in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire,* 636 F.3d 976, 979 (8th Cir. 2011).

A.    Allegations against Defendant Manes

Mr. Hutchison alleges that on October 28, 2020, Defendant Manes put all of the inmates in his pod into isolated segregation after she instructed them to put on uniforms that they did not have. (Doc. No. 2) According to Mr. Hutchison, he was put into administrative segregation without a hearing or disciplinary citation; and he was still held there at the time he filed this lawsuit on November 12, 2020. (Doc. No. 2)

Prisoners such as Mr. Hutchison have a right to procedural due process only if there is a liberty interest at stake. *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Phillips v. Norris,* 320 F.3d 844, 847 (8th Cir. 2003). None of the events listed by Mr. Hutchison implicate a liberty interest. *See Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976); *Portley‐El v. Brill*, 288 F.3d 1063, 1065‐66 (8th Cir. 2002) (30 days in punitive segregation was not an atypical and significant hardship under *Sandin,*); *Rhaman X v. Morgan*, 300 F.3d 970, 974 (8th Cir. 2002) (inmate's placement in administrative segregation for 26 months without a disciplinary charge or conviction did not "demonstrate that his liberty interest was curtailed"); *Orr v. Larkins,* 610 F.3d 1032, 1034 (8th Cir. 2010) (inmate was not deprived of liberty interest during nine months in administrative segregation); *Kennedy v. Blankenship,* 100 F.3d 640, 642-43 & n.2 (8th Cir. 1996) (placement in punitive isolation was not atypical and significant hardship

despite restrictions in mail, telephone, visitation, commissary, and property privileges); *Scott v. Coleman*, 439 Fed. Appx. 810 (8th Cir. 2012) (unpublished decision) (upholding district court's finding that plaintiff inmate failed to state a due process claim after assigned to punitive isolation for 158 days without a hearing); *Furlough v. Brandon*, 2009 WL 4898418 (E.D. Ark. 2009) (inmate failed to state a due process claim after being assigned to administrative segregation for nearly nine months). Therefore, Mr. Hutchison has not stated a claim for a violation of his due-process rights.

Mr. Hutchison alleges that he believes Defendant Manes put him in administrative segregation in retaliation for filing a separate civil lawsuit. (Doc. No. 2) Mere speculation is insufficient to state a retaliation claim. *Cooper v. Schriro*, 189 F.3d 781,784 (8th Cir. 1999); *Atkinson v. Bohn*, 91 F.3d 1127, 1129 (8th Cir. 1996). That is, "[a] plaintiff cannot bootstrap a frivolous complaint with a conclusory allegation of retaliation." *Rienholtz v. Campbell*; 64 F. Supp. 2d 721, 733 (W.D. Tenn. 1999). Mr. Hutchison states no fact to support a suggestion that retaliation was a motivating factor for his placement in isolation. His conclusory statement that Defendant Manes placed him in administrative segregation as retaliation is mere speculation. According to allegations in the complaint, Defendant Manes placed all inmates in Mr. Hutchison's pod in segregation, not just Mr. Hutchison. Furthermore, Defendant Manes is not a defendant in the only other lawsuit filed by Mr. Hutchison in the Eastern District of Arkansas. *See Hutchison v. Smith*, et al. E.D. Ark. Case No 4:20cv779. Accordingly, Mr. Hutchison has failed to plead a retaliation claim against Defendant Manes.

3

B.    Allegations against Defendant Flud

Mr. Hutchison alleges that everything that has happened to him at the Detention Facility is Defendant Flud's fault because she hired the deputies. (Doc. No. 2, p.9) In a civil rights lawsuit such as this, however, a supervisor cannot be held liable for the unconstitutional acts of her subordinates unless she had some personal involvement in the violation. A prisoner "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

Mr. Hutchison alleges that Defendant Flud failed to investigate why he was placed in administrative segregation. (Doc. No. 2) Mr. Hutchison's frustrations at being placed in administrative segregation is understandable; but, there are no reported cases suggesting that a prisoner has a statutory or constitutional right to an internal investigation. *Vinyard v. Wilson*, 311 F.3d 1340, 1356 (11th Cir. 2002); *Womack v. Bell*, 2010 WL 3803011 *2 (E.D. Ark. 2010). Furthermore, he has not stated a claim against Defendant Flud for failing to take corrective action because there is no *constitutional* violation here for her to correct. Assuming that all allegations are true, Mr. Hutchison was placed in administrative segregation for less than 20 days. That is not deemed serious enough to trigger due process protection. Accordingly, Mr. Hutchison has failed to state failure-to-investigate or corrective-inaction claims against Defendant Flud.

C.    Allegations against Defendant Williams

Mr. Hutchison complains that on October 29, 2020, while he was at the kiosk typing a grievance, Defendant Williams pointed a taser at him and told him to go back to his cell. (Doc. No. 2) According to Mr. Hutchison, he followed orders and went back to his cell without further incident. (Doc. No. 2)

While the Court never condones a prison official's threatening or unprofessional conduct, Mr. Hutchison's allegations, even if true, do not state a federal claim for relief. Verbal abuse and mere threatening language cannot support a constitutional claim for relief. See *McDowell v. Jones,* 990 F.2d 433, 434 (8th Cir. 1993); *Hopson v. Fredericksen*, 961 F.2d 1374, 1378 (8th Cir. 1992); *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985).

Mr. Hutchison complains that when Mr. Williams pointed the taser at him, Mr. Williams was wearing a body camera, but the camera was on, in violation of Detention Facility rules. (Doc. No. 2) Even if this is true, prisoners do not have a constitutional right to enforce compliance with internal prison rules or regulations. *See Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003); *Gardner v. Howard,* 109 F.3d 427, 430 (8th Cir.1997); *Kennedy v. Blankenship,* 100 F.3d 640, 643 (8th Cir.1996).

Mr. Hutchison also complains that Defendant Williams passed out medication without wearing gloves or a mask. (Doc. No. 2) Mr. Hutchison does not allege that he contracted COVID-19 or suffered any harm from Mr. Williams's failure to wear a mask

and gloves while passing out medications. Accordingly, Mr. Hutchison has failed to plead any claims for relief against Defendant Williams.

## III.    <u>Conclusion</u>

The Court recommends that this lawsuit should be dismissed, without prejudice, for failure to state a claim upon which relief can be granted. This dismissal should count as a "strike" pursuant to 28 U.S.C. § 1915(g).

DATED, this 17th day of November, 2020.

_____
UNITED STATES MAGISTRATE JUDGE